# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC., | CASE NO. 1:10-cv-02266-AWI-SKO |
| Plaintiff, | **ORDER ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |
| v. | (Docket No. 16) |
| CAROLINA CURIEL RUIZ, individually and d/b/a EL TENAMPA a/k/a EL CHILITO TAQUERIA, | |
| Defendant. | |
| _____/ | |

## I. INTRODUCTION

On July 11, 2011, Plaintiff, J&J Sports Productions, Inc., ("Plaintiff") filed the present motion for default judgment against Defendant Carolina Curiel Ruiz, individually and d/b/a El Tanampa a/k/a El Chilito Taqueria ("Defendant"). (Doc. 16.) The motion was referred to this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  The Court reviewed the motion and supporting documents and determined that this matter is suitable for decision without oral argument pursuant to Local Rule 230(g).  For the reasons set forth below, this motion is DENIED WITHOUT PREJUDICE due to procedural defects.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed the instant action on December 2, 2010.  (Doc. 1.)  The complaint alleges violations of the Copyright Act under 17 U.S.C. §§ 501, 504, and 505, as well as causes of action for conversion and violation of California Business and Professions Code § 17200, *et. seq*.  The suit is based on Defendant's alleged unlawful interception, copying, and public exhibition of *"Oscar De La Hoya v. Manny Pacquiao Welterweight Championship Fight Program"* (the "Program"), a boxing match, including all under-card bouts and fight commentary, that was telecast nationwide on December 6, 2008.  (Doc. 1, ¶ 2.)  According to the complaint, Plaintiff was the exclusive commercial distributor of the Program.  (Doc. 1, ¶ 9.)

Count I of the complaint asserts a violation of the Copyright Act pursuant to 17 U.S.C. §§ 501, 504, and 505, alleging that Defendants knowingly intercepted, received, published, divulged, displayed and/or exhibited the Program for purposes of direct or indirect commercial advantage or private financial gain.  (Doc. 1, ¶¶ 8-30.)  As to Count I, Plaintiff seeks $150,000 in statutory damages as well as attorney's fees and costs.  (Doc. 1, 9:27-10:7.)  Count II states a claim for conversion alleging that Defendant tortiously obtained possession of the Program and wrongfully converted it for her own benefit.  (Doc. 1, ¶¶ 31-34.)  As to Count II, Plaintiff seeks compensatory, exemplary, and punitive damages, as well as attorney's fees and costs.  (Doc. 1, 10:9-19.)  Count III of the complaint alleges a violation of the California Business & Professions Code § 17200, *et. seq*.  (Doc. 1, ¶¶ 35-44.)  As to Count III, Plaintiff seeks restitution, declaratory relief, injunctive relief, attorney's fees, and costs of suit.  (Doc. 1, 10:21-11:3.)

On March 17, 2011, the summons as to Defendant Carolina Curiel Ruiz was returned showing that service of the summons and complaint was executed on February 26, 2011.  (Doc. 7.)  Defendant failed to respond to the complaint by the March 21, 2011, due date.  On April 18, 2011, pursuant to Plaintiff's request, the Clerk entered default against Defendant.  (Doc. 9.)  On May 20, 2011, Plaintiff filed a motion for default judgment against Defendant, which was withdrawn on June 6, 2011.  (Docs. 13, 14.)  On July 11, 2011, Plaintiff filed this motion for default judgment.  (Doc. 16.)  Defendant did not oppose the motion.

### III. DISCUSSION

In its motion for default judgment, Plaintiff seeks default judgment and an award of the maximum statutory damages in the amount of $150,000 under the Copyright Act pursuant to 17 U.S.C. §§ 501, 504, and 505 against Defendant for willfully violating Plaintiff's exclusive rights as a copyright holder. Plaintiff also seeks damages in the amount of $2,200 for its state law conversion claim. Plaintiff asserts that it is entitled to its attorney's fees and costs and requests an opportunity to submit its costs and attorney's fees within 14 days of the grant of default judgment.

Plaintiff's notice of the motion for default judgment by the Court, however, seeks damages pursuant to violation of 47 U.S.C. § 605 (unauthorized publication or use of communication) and violation of 47 U.S.C. § 553 (unauthorized reception of cable services). (Doc. 16, ¶¶ 4D, 4E.) The declaration of Thomas P. Riley, Plaintiff's counsel, also requests damages pursuant to 47 U.S.C. §§ 553 and 605, as does Plaintiff's proposed order. (Doc. 16-2, ¶¶ 6, 7, Doc. 16-5.) Additionally, the affidavit of Plaintiff's president Joseph M. Gagliardi references purported piracy violations by Defendant but does not reference copyright violations.

The complaint does not plead violations of 47 U.S.C. §§ 553 and 605 but instead alleges violations of 17 U.S.C. §§ 501, 504, and 505 (violation of the Copyright Act). (Doc. 1, ¶¶ 8-30.) "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleading." Fed. R. Civ. P. 54(c). Here, the notice of motion of default judgment, the declaration of Thomas P. Riley, Plaintiff's affidavit, and the proposed order all request or reference damages for violations not pled in the complaint.

The Court recognizes that Plaintiff's memorandum of points and authorities properly requests damages for the pled statutory violation. (Doc. 16-1.) However, a motion must state with particularity the grounds for seeking a court order. Fed. R. Civ. P. 7(b)(1)(B). The notice of motion, Mr. Riley's Declaration, Plaintiff's affidavit, and the proposed order all fail to properly state the actual grounds upon which Plaintiff seeks default judgment, which is predicated on violations of 17 U.S.C. §§ 501, 504, and 505 and <u>not</u> upon violations of 47 U.S.C. §§ 553 and 605.

Based upon this defect, Plaintiff's motion for default judgment is DENIED WITHOUT PREJUDICE. Plaintiff may file a renewed motion for default judgment in which all supporting documentation properly complies with Fed. R. Civ. P. 7(b) and 54(c).

The Court also notes that Plaintiff's memorandum of points and authorities states that Plaintiff is entitled to costs and attorney's fees and requests that Plaintiff be allowed an opportunity to submit these fees within 14 days of the entry of default judgment. If Plaintiff files a renewed motion for default judgment, the Court orders that Plaintiff include the amount requested for the attorney's fees and costs at that time.

## IV. CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff J&J Sports Productions, Inc. motion for default judgment is DENIED WITHOUT PREJUDICE;
2. The motion may be renewed within ten (10) days and a noticed hearing shall be set before Magistrate Judge Oberto pursuant to the requirements of Local Rule 230.
3. Any renewed motion shall comply with the procedural requirements of Fed. R. Civ. P. 7(b) and 54(c). Specifically, the notice of motion for default judgment, the proposed order, and any supporting declarations shall state the actual grounds upon which Plaintiff seeks default judgment.
4. If Plaintiff still seeks to request attorney's fees and costs, the renewed motion shall contain the amount sought.

IT IS SO ORDERED.

**Dated:   August 10, 2011**              /s/ Sheila K. Oberto
                                          UNITED STATES MAGISTRATE JUDGE